The Disciplinary Review Board having filed with the Court its decision in DRB 17-326, concluding that as a matter of reciprocal discipline pursuant to Rule 1:20-14(a)(4)(E) JEFFREY L. PERLMAN of PHILADELPHIA, PENNSYLVANIA who was admitted **78 to the bar of this State in 1984, should be suspended from the practice of law for a period of one year based on discipline imposed in Pennsylvania for unethical conduct that in New Jersey constitutes violations of RPC 1.1(a) (gross neglect); RPC 1.1(b) (pattern of neglect); RPC 1.3 (lack of diligence); RPC 1.4(b) (failure to communicate with the client); RPC 1.4(c) (failure to explain the matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); RPC 1.15(a) (failure to safeguard client funds, negligent misappropriation, and commingling); RPC 1.15(b) (failure to promptly notify and deliver funds or property to client or third party); RPC 1.16(d) (failure to protect client's interests upon termination of representation); RPC 3.2 (failure to expedite litigation); RPC 4.1(a)(1) (false statement of material fact or law to a third person); RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation); RPC 8.4(d) (conduct prejudicial to the administration of justice);
And the Disciplinary Review Board having further concluded that JEFFREY L. PERLMAN should be required to submit proof of his fitness to practice law prior to reinstatement;
And good cause appearing;
It is ORDERED that JEFFREY L. PERLMAN is suspended from the practice of law for a period of one year, effective August 3, 2018, and until the further Order of the Court, and it is further
ORDERED that prior to reinstatement to practice law, JEFFREY L. PERLMAN shall provide proof of his fitness to practice, as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20 (c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement **79 for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.